IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MAXIM HEALTHCARE SERVICES,    )
INC., et al.,                 )
                              )
        Plaintiffs,           )
                              )
v.                            )   CIVIL ACTION NO.
                              )   05-0568-BH-B
NEW HAMPSHIRE INSURANCE       )
COMPANY, et al.,              )
                              )
        Defendants.           )

**ORDER**

        This action is before the Court on a number of matters, including: (1) a motion to

dismiss (Docs. 2-3) filed by the Association for Retarded Citizens of Baldwin County, Inc.

("ARCBC"), one of the defendants herein; (2) a motion to remand (Docs. 5-8) filed by

Diane Foster, one of the defendants herein; (3) a motion to remand (Docs.10-11)  filed by

the plaintiffs, Maxim Healthcare Services, Inc. ("Maxim"), Illinois Union Insurance

Company ("Illinois Union"), Mary Coleman ("Coleman"), and Mona Williams

("Williams"); and (4) a motion filed by Diane Foster (Doc. 15) to strike the attempted

untimely filing of a purported "Amended Notice of Removal" by New Hampshire Insurance

Company, Inc.  ("New Hamphshire").  ARCBC's motion to dismiss is predicated on the

contention that it has no interest in the outcome of a determination regarding the coverage

of the Miscellaneous Professional Liability Policy issued by New Hampshire to ARCBC.

The motions to remand are predicated not only on the removing party's failure to comply

with the requirements of removal specified in 28 U.S.C. § 1446(a) but on the fact that

complete diversity does not exist inasmuch as Diane Foster is properly designated and

joined as a party defendant.   The motion to strike is predicated on the contention that New

Hampshire's attempt to remedy its defective and improvident removal more than thirty days

since it was served with the Summons and Complaint comes both too late and without the

requisite leave of court.[1]

       Upon consideration of these motions, the various briefs in favor of and opposition

thereto (Docs. 3, 6-8, 11, 13, 16-19, 21, 28 and 30), and all other pertinent portions of the

record, the Court concludes and it is therefore **ORDERED** as follows:

       1.      ARCBC's motion to dismiss is due to be and is hereby **DENIED**, for the

reasons stated in plaintiffs' opposition brief (Doc. 13).  The Court agrees that ARCBC is

not only a proper party, but a necessary party to plaintiffs' declaratory judgment action

which concerns an insurance policy issued to ARCBC by New Hampshire.

       2.      Foster's motion to strike New Hampshire's Amended Notice of Removal is

due to be and is hereby **GRANTED** for the reasons stated therein and in the argument

advanced by Foster (Doc. 6), and adopted by the plaintiffs (Doc. 11), concerning the

procedural defects in the removal of this action from the Circuit Court of Mobile County,

Alabama.  *See*, *Kisor v. Collins*, 338 F.Supp.2d 1279, 1281 (N.D. Ala. 2004)("This court,

sitting as a court of limited jurisdiction, cannot ignore a manifest procedural defect that a

---

[1]Although identified in the Court's CM/ECF system as a "MOTION to Amend/Correct *Notice of Removal*" (Doc. 14), the actual filing states that it is in fact New Hampshire's "Amended Notice of Removal" for which leave of Court is **not** sought.

plaintiff has expressly complained about just because the defect was inadvertent or because the removing defendant tenders a belated correction. . . .  The jurisdictional statute that requires that "process" be contained in the notice of removal was enacted for a purpose. Statutes that limit federal jurisdiction are always strictly construed against the removing party, and there is no shame in a plaintiff's insistence on full and complete compliance with them by a defendant who wants to flee to federal court.").

3.      The motions to remand filed by Foster and the plaintiffs are due to be and are hereby **GRANTED** for all of the reasons stated by the movants (Docs. 6, 11, 19, and 21). In addition to the procedural defects in this removal, the Court agrees that the plaintiffs have properly joined Foster and ARCBC as not only legitimate, but necessary, parties and properly aligned such parties as defendants with adverse interests to the plaintiffs.

4.      The plaintiffs' request for an award of costs and actual expenses, including attorney fees, incurred as a result of the improper and improvident removal of this action by New Hampshire and ARCBC is due to be and is hereby **GRANTED.**  The Court agrees that the plaintiffs are entitled to such an award for the reasons in their request (Docs. 11 and 21).[2]  As was the case in *Caldwell v. United Ins. Co. of America*, 2001 WL 910409, *2  (M.D. Ala. Aug 2, 2001), this court finds with respect to the case at bar "that the removal was erroneous, that no conduct by the plaintiff contributed to the erroneous removal, and that an award is fair and equitable under all the circumstances." As is also true in this case, "[t]his is a run-of-the-mill case where a defendant has sought to expand the

---

[2]Foster has not requested such costs and expenses.

3

boundaries of federal subject matter jurisdiction without substantial grounds for doing so

[and] [s]uch improper actions 'have wrought needless litigation costs upon the other party,

upset the sensitive principles of federalism underlying our nation's dual court system, and

frustrated judicial economy'."  *Id.*, *citing*, *Gardner v. Allstate Indem. Co.*, 147 F.Supp.2d

1257, 1261-64 (M.D. Ala. 2001).  It is therefore **FURTHER ORDERED** that the

plaintiffs submit their costs and expenses with supporting documentation demonstrating the

reasonableness of the award they seek by **no later than December 21, 2005**, and that New

Hampshire and ARCBC, jointly or severally, file their objections, if any, by **no later than**

**January 4, 2006,** at which time the Court will determine the amount of the award to be

imposed.  The Court would encourage the parties, however, to resolve this matter by an

amicable settlement prior to incurring any further expense over the matter.

     5.     This action is due to be and is hereby **REMANDED** to the Circuit Court of

Mobile County, Alabama, from whence it was improvidently removed.  The Clerk of this

Court is directed to take such steps as are necessary to effectuate the transfer.  This Court

will retain jurisdiction only for the purpose of, and to the extent necessary for, determining

the amount of costs and expenses to be awarded the plaintiffs.

     **DONE** this 29th day of November, 2005.

                                   _____ s/ W. B. Hand _____
                                    SENIOR DISTRICT JUDGE