IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAXIM HEALTHCARE SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 05-0568-BH-B |
| NEW HAMPSHIRE INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on Diane Foster's motion (Doc. 34) for clarification

of the Court's remand Order of November 29, 2005 (Doc. 33).  Foster has correctly

advised the Court that it erred in its conclusion that she had not requested "just costs and

actual expenses, including attorney's fees, incurred as a result of the removal."  Foster

Brief in Support of Motion to Remand (Doc. 6) at 8, as quoted in the present Motion at

2.Consequently, it is **ORDERED** that the Order entered on November 29, 2005, be and is

hereby **AMENDED** to add Diane Foster to Paragraphs 4 and 5, the former which shall now

read:

> 4.      The request of the plaintiffs and Diane Foster for an award of
> costs and actual expenses, including attorney fees, incurred as a result of the
> improper and improvident removal of this action by New Hampshire and
> ARCBC is due to be and is hereby **GRANTED.**  The Court agrees that the
> plaintiffs and Diane Foster are entitled to such an award for the reasons in
> their request (Docs. 6, 11 and 21).   As was the case in *Caldwell v. United*
> *Ins. Co. of America*, 2001 WL 910409, *2  (M.D. Ala. Aug 2, 2001), this
> court finds with respect to the case at bar "that the removal was erroneous,
> that no conduct by the plaintiff contributed to the erroneous removal, and that
> an award is fair and equitable under all the circumstances." As is also true in
> this case, "[t]his is a run-of-the-mill case where a defendant has sought to

expand the boundaries of federal subject matter jurisdiction without substantial grounds for doing so [and] [s]uch improper actions 'have wrought needless litigation costs upon the other party, upset the sensitive principles of federalism underlying our nation's dual court system, and frustrated judicial economy'."  *Id.*, *citing*, *Gardner v. Allstate Indem. Co.*, 147 F.Supp.2d 1257, 1261-64 (M.D. Ala. 2001).  It is therefore **FURTHER ORDERED** that the plaintiffs and Diane Foster submit their costs and expenses with supporting documentation demonstrating the reasonableness of the award they seek by **no later than December 21, 2005**, and that New Hampshire and ARCBC, jointly or severally, file their objections, if any, by **no later than January 4, 2006,** at which time the Court will determine the amount of the award to be imposed.  The Court would encourage the parties, however, to resolve this matter by an amicable settlement prior to incurring any further expense over the matter.

Paragraph 5 is specifically **AMENDED** to the extent that the Court retains jurisdiction for the purpose of, and to the extent necessary for, determining the amount of costs and expenses to be awarded Diane Foster as well as the plaintiffs, if such cannot be resolved by the parties themselves.

**DONE** this 6th  day of December, 2005.

_____s/ W. B. Hand_____
SENIOR DISTRICT JUDGE